IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REBECCA J. RASMUSSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-2033 |
| | § | |
| CAROLYN W. COLVIN, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court[1] in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 10) and Defendant's cross Motion for Summary Judgment and Memorandum in Support (Document Nos. 11 & 12). After considering the cross motions for summary judgment, the additional briefing (Document No. 14), the administrative record, the written decision of the Administrative Law Judge, and the applicable law, the Court ORDERS, for the reasons set forth below, that Plaintiff's Motion for Summary Judgment is GRANTED in PART and this case is REMANDED pursuant to 42 U.S.C. § 405(g) for further proceedings.

---

[1] On January 21, 2016, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 13.

**I.     Introduction**

Plaintiff Rebecca J. Rasmussen ("Rasmussen") brings this action pursuant to Section 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). Rasmussen argues in this appeal that: (1) "Defendant failed to consider all of the evidence;" and (2) "Defendant filed an incomplete transcript"). The Commissioner, in contrast, argues that there is substantial evidence in the record to support the ALJ's decision, that the decision comports with applicable law, and that the decision should be affirmed.

**II.    Procedural History**

On April 28, 2011, Rasmussen filed an application for disability insurance benefits, claiming that she has been disabled since September 30, 2007, as a result of scleroderma, major depression and major anxiety. (Tr. 95-101). The Social Security Administration denied the application at the initial and reconsideration stages, advising Rasmussen in writing that "[y]our recent claim for disability benefits concerns the same issues decided when your earlier claim was denied. We decided then that you were not disabled – within the meaning of the law – at any time on or before June 30, 2009, the date you last had enough credits under Social Security to be insured for disability benefits. A review of your latest claim and our records shows the facts are unchanged. Therefore, we have also denied your present claim." (Tr. 63-66). Rasmussen thereafter requested a hearing before an ALJ. The Social Security Administration granted her request and the ALJ, John D. Sullivan, scheduled a hearing for July 25, 2012, at which Rasmussen's claims would be considered

*de novo*. Just prior to that date, however, on July 24, 2012, Rasmussen filed an application for supplemental security income benefits. (Tr. 17: "The claimant has also filed an application for supplemental security income payments based on disability pursuant to Title XVI of the Social Security Act. (Exh. SSI-21, submitted at hearing) – but she did not file the application until July 24, 2012, the day before the hearing which is a basis of this decision."). At the hearing, the ALJ accelerated consideration of the July 24, 2012, SSI application and considered it together with the DIB application. (Tr. 17: "I will accelerate this Title XVI application for decision in this proceeding."). In addition, the ALJ considered, and ultimately decided to re-open, Rasmussen's prior 2207 and 2009 DIB applications. (Tr. 19: "I therefore reopen the claimant's earlier applications, under both Titles, from June 2009 and December 2007, and will decide this proceeding without applying res judicata to preclude the claimant from establishing disability before her June 2009 date last insured and, for her Title XVI claim, without limiting her potential recovery to her current application date of July 24, 2012."). In connection therewith, the ALJ, on August 28, 2012, issued his decision finding Rasmussen not disabled between September 30, 2007, her alleged onset date, and August 28, 2012, the date of his decision. (Tr. 17-34).

Rasmussen sought review of the adverse part of the ALJ's decision with the Appeals Council. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 416.1470. On June 12, 2013, despite acknowledging that there was some medical evidence in the record the ALJ did not consider, the Appeals Council found no basis for review (Tr. 4-7), and the

3

ALJ's decision thus became final.

Rasmussen has filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g). The parties have filed cross motions for summary judgment (Document Nos. 10 & 11). The appeal is now ripe for ruling.

### III.    Standard for Review of Agency Decision

Judicial review of a final decision of the Social Security Administration is governed by 42 U.S.C. § 405(g), which provides in pertinent part: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. . . . The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

Under § 405(g), the court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence," as used in

§ 405(g) is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## IV. Burden of Proof

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied to work.

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in

any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to decide disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe impairment" or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience and residual functional capacity, he will be found disabled.

*Anthony*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this framework, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful, the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner shows that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

Here, the ALJ found at step one that Rasmussen had not engaged in substantial gainful activity since September 30, 2007, the alleged amended onset date. At step two, the ALJ found that Rasmussen's scleroderma and lupus, peripheral neuropathy and low back pain, and major depression

and a generalized anxiety disorder were all severe impairments. At step three, the ALJ concluded that Rasmussen did not have an impairment or combination of impairments that met or medically equaled a listed impairment, including Listings 1.04, 11.14, 12.04, 12.06, 14.02 and 14.04. The ALJ then, prior to consideration of step four, determined that Rasmussen had the residual functional capacity ("RFC") to perform a limited range of light work, which included the ability

> to lift and carry 20 lbs. occasionally and 10 lbs. frequently, with pushing and pulling the same, and she can stand, can walk and can sit for 6 hours in the usual work day, all with normal breaks. She can only occasionally perform postural maneuvers [of] balancing, stooping, kneeling, crouching and climbing stairs and ramps. She can occasionally perform fine fingering and gross handling with her left hand; she cannot write or use a keyboard frequently. She is limited to simple, routine repetitive tasks, not performed in a fast paced environment, which involve only simple, work-related decisions and few workplace changes. She can have occasional interaction with supervisors, co-workers and the general public.

(Tr. 30). At step four, the ALJ determined that Rasmussen had no past relevant work. At step five, considering Rasmussen's age, education, work experience, RFC, and the testimony of a vocational expert, the ALJ concluded that Rasmussen could perform jobs such as photocopy machine operator, retail marketing clerk, shipping and receiving weigher, order clerk, surveillance systems monitor, and escort vehicle driver, and that she was, therefore, not disabled.

In this appeal, Rasmussen maintains that the ALJ and the Commissioner erred by: (1) failing to consider all the evidence, including the evidence she submitted following the administrative hearing; and (2) failing to include that post-hearing evidence submission as part of the administrative record. The record clearly shows that Rasmussen asked that the record be kept open after the administrative hearing so that she could submit evidence related to post-hearing rheumatology appointment she had. The ALJ granted her request. Rasmussen submitted evidence of her August 2, 2012 appointment and treatment at UTMB (Tr. 450-466). The ALJ incorrectly stated in his

opinion that additional evidence was not presented. It is clear that the ALJ's statement about the absence of any "additional medical evidence" was error. Given that error, it must first be decided in this case whether such error was harmless.

V.  **Discussion**

An error is harmless if it does not "affect the substantial rights of a party," *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), or when it "is inconceivable that the ALJ would have reached a different conclusion" absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003); *Bornette v. Barnhart*, 466 F.Supp.2d 811, 816 (E.D. Tex. 2006) ("Harmless error exits when it is inconceivable that a different administrative conclusion would have been reached absent the error."). Here, for the reasons set forth below, the ALJ's incorrect statement as to the existence of additional evidence, and his failure to consider that additional evidence, was harmless with respect to his decision on Rasmussen's DIB application, but it was not harmless with respect to his decision on Rasmussen's SSI application.

Disability insurance benefits are available only for disabilities which arise while the claimant is insured. 42 U.S.C. §§ 416(i)(3), 423(c)(1); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (stating that a claimant seeking benefits under Title II must prove not only that she is disabled but that she "became disabled prior to the expiration of her insured status"); *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986); *Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985); *Oldham v. Schweiker*, 660 F.2d 1078, 1080 (5th Cir. 1981). If an impairment becomes disabling after the expiration of the claimant's insured status, a finding of disability cannot be made. *Milam*, 782 F.2d at 1286. Supplemental security income benefits, in contrast, are only available once a claimant files

an application for benefits. *See* 20 C.F.R. § 416.305 ("In addition to meeting other requirements, you must file an application to become eligible to receive benefits"); 20 C.F.R. § 416.335 ("When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month."); *Robinson v. Barnhart*, 248 F.Supp.2d 607, 612 (S.D. Tex. 2003) ("A claimant applying to the SSI program cannot receive payment for any period of disability predating the month in which she applies for benefits, no matter how long she has actually been disabled.").

It is uncontested that Rasmussen was last insured for purposes of DIB on June 30, 2009. All the evidence in the record, including the objective medical evidence, the diagnostic and expert medical opinion evidence, and the subjective evidence which the ALJ accepted as credible, supports his decision that Rasmussen was not disabled as of June 30, 2009, the date she was last insured. The ALJ, in his August 28, 2012 written decision, went through all the evidence in meticulous fashion. Rasmussen makes no complaints about that consideration of the evidence. All she complains about in this appeal is that the ALJ did not consider the medical records related to her August 2, 2012, UTMB rheumatology clinic visit, at which she was diagnosed, for the first time, with fibromyalgia and chronic pain syndrome. The remoteness of these records to the time period under consideration for DIB benefits – on or before June 30, 2012 – supports the Appeals Council's determination insofar as it determined that "this information does not provide a basis for changing the Administrative Law Judge's decision" on Rasmussen's DIB application.

As for Rasmussen's July 24, 2012, SSI application, her August 2, 2012, UTMB records *were*

relevant to the ALJ's determination that she was not disabled, for purposes of SSI, on or before August 28, 2012, and it cannot be said on this record that the information in those August 2, 2012 records from UTMB could not have provided a basis for changing the ALJ's decision on Rasmussen's SSI application. Indeed, it is those August 2, 2012, records, which precipitated more visits and some treatment, which led to a favorable ruling for Rasmussen on a 2013 SSI application. *See* Plaintiff's Motion for Summary Judgment (Document No. 10) at 9. The ALJ's incorrect statement in his August 28, 2012 decision that "no additional medical evidence has been presented" was error that was not, with respect to Rasmussen's 2012 SSI application, harmless. Remand for further proceedings relative to Rasmussen's 2012 SSI application is therefore warranted.

## VI. Conclusion and Order

Based on the foregoing, and the conclusion that the ALJ erred in his written decision in failing to consider the August 2, 2012, post-hearing medical evidence from UTMB, and that such error was not harmless with respect to the determination on Rebecca Rasmussen's 2012 Title XVI SSI application, it is

ORDERED that Plaintiff's Motion for Summary Judgment (Document No. 10) is GRANTED in PART, Defendant's Motion for Summary Judgment (Document No. 11) is DENIED, and this proceeding is REMANDED in PART to the Commissioner pursuant to § 405(g), sentence six, for consideration of the post-hearing evidence on Rasmussen's 2012 Title XVI SSI application.

Signed at Houston, Texas, this 24th day of August, 2016.

FRANCES H. STACY